UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRICK ALFRED WILLIAMS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:96 CR 187 RWS |

**MEMORANDUM AND ORDER**

This case is before me on Terrick Alfred Williams' *pro se* and supplemental motions for compassionate release. Williams seeks compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender filed a supplemental motion to reduce Williams' sentence on January 12, 2024. The United States Attorney opposes Williams' motions. In light of the United States Supreme Court's recent decisions in *Rutherford v. United States*, 146 S. Ct. 1320 (2026), and *Fernandez v. United States*, 146 S. Ct. 1292 (2026), Williams' motions will be denied.

**BACKGROUND**

On October 10, 1996, a jury convicted Williams of one count of carjacking (Count I), one count of attempted carjacking (Count IV), two counts of being a felon in possession of a firearm (Counts III & VI), and two counts of using a

firearm during and in relation to a crime of violence (Counts II & V). At Williams' sentencing on January 8, 1997, United States District Judge George F. Gunn, Jr., found that Williams had a criminal history category of VI and that his total offense level was 26. The then-mandatory guideline range was 420 to 450 months imprisonment. Judge Gunn sentenced Williams to 450 months imprisonment. Williams is currently incarcerated at FCI Coleman Medium in Sumterville, Florida. His projected release date is March 10, 2030.

Williams has served all the time imposed on Counts I–IV and Count VI. He is still serving the 240-month sentence imposed on the second "stacked" charge under 8 U.S.C. § 924(c)(1) for using a firearm during and in relation to a crime of violence. This case was reassigned to me on May 3, 1999. Williams has unsuccessfully sought relief numerous times before filing the instant motions. His direct appeal was denied, as well as his habeas petition and several *pro se* post-conviction motions.

**DISCUSSION**

The First Step Act of 2018 grants me authority, under certain circumstances, to reduce a defendant's sentence "when extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). As relevant here, the United States Sentencing Commission promulgates policy statements "describ[ing] what should be considered extraordinary and compelling reasons for sentence

reduction." 28 U.S.C. § 994(t). In 2023, the Commission added a new category, "Unusually Long Sentence," to the list of "extraordinary and compelling" reasons. The amended policy statement permitted courts to consider nonretroactive changes in the law "in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed…." U.S.S.G. § 1B1.13(b)(6). Williams seeks compassionate release pursuant to the amended policy statement. He argues that he would not have received the same sentence as he did in 1997 if he was sentenced at the time his motions were filed.

First, Williams points to the First Step Act of 2018 in which Congress limited prosecutors' ability to "stack" multiple § 924(c) counts in the same case. Congress did not, however, make this change in the law retroactive. In *Rutherford*, the Supreme Court addressed the same policy statement and nonretroactive change in the law limiting the practice of "stacking" § 924(c) counts. The Court determined, "[t]he Commission's policy statements must be 'consistent with' the governing statute, 28 U.S.C. § 994(a), and courts have a duty to 'independently interpret the statute and effectuate the will of Congress[.]' " 146 S. Ct. at 1334 (quoting *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 395 (2024)). "The statutory text and structure make clear that Congress's nonretroactive change to

§ 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Id.* at 1335. "To the extent that it counsels otherwise, the Commissioner's policy statement is invalid." *Id.* As a result, Williams' arguments for compassionate release based on his § 924(c) convictions are foreclosed by *Rutherford*. *See also United States v. Loggins*, 181 F.4th 883, 887 (8th Cir. 2026) ("Consistent with the Supreme Court's binding decision in *Rutherford*, we hold that the First Step Act's nonretroactive statutory changes to § 924(c), like other nonretroactive legal changes, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).").

Second, Williams asserts that his sentence is unusually long because attempted carjacking is no longer considered a "crime of violence" and cannot be used as a § 924(c) predicate offense. ECF. No. 270 at 15-17 (citing *United States v. Taylor*, 596 U.S. 845 (2022)). He argues that his conviction on Count V under § 924(c) was invalid because it was not predicated on a crime of violence. Because Williams is attacking the validity of his conviction on Count V, his recourse would have been "to pursue a direct appeal or a motion for post-conviction relief under 28 U.S.C. § 2255." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). In *Crandall*, the Eighth Circuit explained that defendants

"cannot avoid the restrictions of the post-conviction statute by resorting to a request for compassionate release instead." *Id.* Williams already exhausted his direct appeal and was denied habeas relief. He cannot now raise his claim under the compassionate release statute. *See also Fernandez*, 146 S. Ct. at 1307 ("The compassionate release provision is not a vehicle for attacking the validity of a conviction."). In his Reply brief, Williams concedes that his attack on the validity of his conviction on Count V is foreclosed by *Fernandez* and withdraws his argument. ECF. No. 309 at 5 n.4.

Third, Williams argues that the Supreme Court's decision in *Rutherford* left the door open for *non-statutory changes* in the law to be considered in determining whether he has established an "extraordinary and compelling" reason for relief. According to Williams, *Rutherford*'s holding should be read narrowly to encompass only *non-retroactive sentencing amendments* and not *judicial decisions* that result in non-retroactive changes in the law. Williams contends that I may consider the impact of *United States v. Booker*, 543 U.S. 220 (2005), on sentencing, in combination with his individualized circumstances, in deciding whether to grant relief. ECF. No. 309 at 1. Williams received his 450-month sentence when the federal Sentencing Guidelines were mandatory. In *Booker*, the Supreme Court held that the mandatory guidelines provision of the Sentencing Reform Act of 1984 violated the Sixth Amendment. *Booker*, 543 U.S. at 259. As a

result, the Sentencing Guidelines became advisory, "requir[ing] judges to take account of the Guidelines together with other sentencing goals." *Id.* Williams argues that there is a "gross disparity" between his pre-*Booker* sentence and the sentence he would have received under the advisory guidelines today. ECF. No. 304 at 5 (citing § 1B1.13(b)(6)). He asserts that neither the Supreme Court nor the Eighth Circuit has squarely held that judges cannot consider non-statutory non-retroactive changes in the law like *Booker* under § 1B1.13(b)(6). *See Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (holding *Booker* would "not apply to criminal convictions that became final before either rule was announced").

Here, I find Williams' argument is foreclosed by the Supreme Court's decisions in *Rutherford* and *Fernandez* and the Eighth Circuit's in *Loggins* and *United States v. Faulkner*, No. 24-2296, 2026 WL 2639531 (8th Cir. Sept. 8, 2026). Williams argues that the Supreme Court in *Rutherford* declined to "nail down the precise boundaries of the phrase 'extraordinary and compelling'[.]" ECF. No. 309 at 2 (citing *Rutherford*, 146 S.Ct. at 1335). But the Court has indicated that its holding in *Rutherford* supports the conclusion that the " 'Unusually Long Sentence[s]' " provision, which Williams brings his *Booker* argument under today, "exceeds the [Sentencing] Commission's authority." *Fernandez*, 146 S.Ct. at 1304 n.5 (citing *Rutherford*, 146 S.Ct. at 1334-34). In *Loggins*, the Eighth Circuit held

that consistent with *Rutherford*, "the First Step Act's nonretroactive statutory changes to § 924(c), *like other nonretroactive legal changes*, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *Loggins*, 181 F. 4th at 887 (emphasis added). Williams contends that *Loggins* only served to reaffirm *Crandall* and was cabined to the nonretroactive statutory change made to § 924(c).

The Eighth Circuit in *Faulkner*, however, addressed the issue of whether a *judicial decision* that resulted in a nonretroactive change in the law could, in combination with other factors, serve as an "extraordinary and compelling" reason to reduce a defendant's sentence under § 3582(c)(1)(A). Faulkner argued that there was a "gross disparity" between the sentence he received and the sentence he would have been given at the time his motion was filed because of the Supreme Court's intervening decision in *Erlinger v. United States*, 602 U.S. 821 (2024). *Faulkner*, 2026 WL 2639531, at *2. The Supreme Court in *Erlinger* held that the Fifth and Sixth Amendments require a jury to find unanimously beyond a reasonable doubt that two past offenses occurred on different occasions to trigger the applicable ACCA enhancement. *Erlinger*, 602 U.S. at 825, 835. "They may not be found by a judge based on the preponderance of the evidence, as the district court initially did in sentencing Faulkner." *Faulkner*, 2026 WL 2639531, at *2.

The court in *Faulkner* determined that *Erlinger* certainly "constitutes a change in the law" for the purposes of deciding Faulkner's compassionate release motion. *Id.* at *4.

The court then reasoned that although "the Supreme Court has not decided the issue, it seems likely that *Erlinger* is a nonretroactive change." *Id.* Applying *Loggins*, the court held that *Erlinger* "cannot constitute an 'extraordinary and compelling' reason for a sentence reduction." *Id.* at *1, *4 ("We…also note that our decision in *Loggins* appears to establish that, at least in this circuit, a nonretroactive change in the law cannot serve as an extraordinary and compelling reason to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)."). Moreover, the court specifically noted that *Rutherford* and *Loggins* "squarely addressed" the "policy statement validity issue" because "both [opinions] explain that nonretroactive changes in the law cannot serve as 'extraordinary and compelling reasons' for a sentence reduction, and that to the extent the Commission's policy statement counsels otherwise, it is 'invalid.' " *Id.* at *4 (citing *Rutherford*, 146 S. Ct. at 1335; *Loggins*, 181 F.4th at 887). As a result, Williams' argument that *Faulkner only* affirmed the district court's finding that there was no "gross disparity" in Faulkner's sentence falls short. Based on binding Supreme Court and Eighth Circuit precedent, judicial decisions that result in non-retroactive changes in the law, like non-retroactive statutory changes in the law,

cannot constitute an "extraordinary and compelling" reason for a sentence reduction under § 3582(c)(1)(A).

Williams raises various other grounds for relief in his motions, including his inability to care for his ailing mother while incarcerated, his own medical conditions, and his rehabilitation.[1] *See* ECF. Nos. 256, 258, 270, 293, 296, 302, 304 (citing § 1B1.13(b)(5)). However, I find Williams has failed to meet the high bar required to warrant compassionate release under the statute. Williams bears the burden of establishing that compassionate release is warranted in his case. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). As relevant here, "extraordinary and compelling reasons" include: (1) the defendant is suffering from a serious physical or medical condition; and (2) the defendant is experiencing deteriorating physical or mental health because of the aging process. *See* U.S.S.G. § 1B1.13(b)(1)(B)(i) & (b)(i)(B)(iii). The defendant's decline in health must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § § 1B1.13(b)(1)(B)(iii). Williams argues that compassionate release is warranted because he "continues to suffer from spinal stenosis, spondylolisthesis, and a thoracic aneurysm." ECF. No. 270 at 24-25.

---

[1] Williams' argument about his inability to care for his mother is now moot. *See* ECF. No. 304-1 ("Exhibit Redacted Death Certificate").

Upon careful review of Williams' motions and the attached medical records, I find he fails to demonstrate that he is suffering from a serious deterioration in physical health that cannot be appropriately managed by his correctional facility. Given his age and his medical history, Williams does not appear to face any unusual or particularly debilitating health circumstances that would justify granting relief. *See, e.g.*, *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (observing that "compassionate release due to a medical condition is an extraordinary and rare event"); *United States v. Wolfe*, No. 4:14-CR-00152-AGF, 2024 WL 4188763 (E.D. Mo. Sept. 13, 2024) (granting compassionate release based on the defendant's terminal metastatic cancer). Williams' alleged rehabilitation while incarcerated, though commendable, cannot serve as the sole basis upon which to grant relief. *See, e.g.*, *United States v. Brown*, No. 22-CR-00263 (SRN/ECW), 2025 WL 3443237, at *4 (D. Minn. Dec. 1, 2025) ("[R]ehabilitation of the defendant is not, by itself, an 'extraordinary and compelling reason' for compassionate release.") (citing U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t)).

I have considered all of the 18 U.S.C. § 3553(a) factors, and I have reviewed the information Williams provided about his health and other personal circumstances, as well as the United States Attorney's opposition to his motions. I

find Williams has not provided sufficient grounds for compassionate release and will deny his motions.

Accordingly,

**IT IS HEREBY ORDERED that** Terrick Alfred Williams' pro se and supplemental motions for compassionate release [256], [258], [270], [293], [296], [302], and [304] are **DENIED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2026.